**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SHAYNE MYCOLE DOUGHERTY,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**STATE OF ILLINOIS,**<br><br>**Respondent.** | **Case No. 26-CV-01000-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Shayne Mycole Dougherty is an inmate presently serving time pursuant to Illinois convictions. He filed the instant Petition for Writ of Habeas Corpus, challenging a prior Illinois conviction, for which he has already completed his sentence. (Doc. 1); *see Illinois v. Shane*[1] *Dougherty*, 2014CF1101. Because Dougherty challenges a state conviction, the Court will treat his petition as filed pursuant to 28 U.S.C § 2254.[2] The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts. For the reasons set forth below, the Petition is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Petitioner Shayne Mycole Dougherty pled guilty to aggravated battery in Sangamon County, Illinois, and was sentenced to eight years imprisonment and a

[1] Petitioner spells his name "Shayne" in his petition.
[2] Dougherty filed his petition on the form designed for 28 U.S.C. § 2241 petitions, but he does not challenge the execution of his sentence.

one-year term of probation. *See Illinois v. Shane Dougherty*, 2014CF1101. Dougherty completed the term of imprisonment for that case, but he has subsequently been convicted of burglary and theft. *See Illinois v. Shayne M. Dougherty*, 2024CF1511; *Illinois v. Shayne M. Dougherty*, 2024CF1311.

Dougherty filed the instant Petition, challenging only his 2015 aggravated battery conviction, arguing that he is actually innocent and just figured out how to prove his innocence. (Doc. 1). He requests that this Court take his 2015 conviction off his record. (*Id.*, p. 7).

## DISCUSSION

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A person is "'in custody' for purposes of federal habeas corpus" when the person is detained or on probation. *See Olivier v. City of Brandon*, 607 U.S. 552, 558 n.2 (2026) (quoting *Minnesota v. Murphy*, 465 U.S. 420, 430 (1984)).

Here, Dougherty brings a Petition to challenge a conviction for which he has completed his sentence. He was sentenced to eight years imprisonment and one year on probation in 2015, and more than nine years have passed since that date. *See Illinois v. Shane Dougherty*, 2014CF1101. Although he has since been imprisoned on new charges, he does not argue that his imprisonment on those charges is in violation of the Constitution or laws or treaties of the United States. Because this Court may not grant habeas corpus relief on charges for which a petitioner has already

completed his sentence, Dougherty's Petition is **DENIED.**

## CONCLUSION

For the reasons set forth above, Shayne Mycole Dougherty's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and this case is **DISMISSED with PREJUDICE** as it plainly appears that he is not entitled to relief. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 3, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**